IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JOE A. RUPNIK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-3131 |
| | ) | |
| KNAUF INSULATION GmbH, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant Knauf Insulation's Motion to Stay Proceedings, or Alternatively to Transfer Venue (d/e 3). For the reasons set forth below, the Court ALLOWS the motion in part. The request to stay the proceedings is DENIED, but the request to transfer venue is ALLOWED.

BACKGROUND

On June 21, 2004, Plaintiff Joe Rupnik signed a document (Document) and tendered it to Defendant Knauf Insulation GmbH (Knauf). The Document is entitled, "Personal Guaranty". Notice of Removal (d/e 1), Exhibit A, Complaint for Declaratory Judgment

1

(Complaint), attached Document at 1. Rupnik signed the Document, "Joe Rupnik, President Interior Comfort Inc." Id. at 2. Rupnik claims that the Document was a credit agreement that he signed in his capacity as an officer of Interior Comfort, Inc. (Interior Comfort). Knauf claims that the Document was a personal guaranty that Rupnik signed personally, guaranteeing payment of Interior Comfort's obligations to Knauf. Knauf claims that on June 21, 2004, Interior Comfort owed Knauf $277,028.00. Thereafter, in 2004 and 2005, Interior Comfort purchased additional materials from Knauf on credit. Knauf claims that Interior Comfort still owes Knauf substantial sums.

On March 27, 2006, Rupnik filed this action in Illinois Circuit Court for Sangamon County, Illinois. The Complaint seeks a declaratory judgment to determine Rupnik's rights and obligations under the Document. Complaint at 2. Rupnik did not immediately serve Knauf. On May 8, 2006, Knauf filed an action in Indiana state court for Shelby County, Indiana, against Rupnik for breach of the Document (Indiana Action). Knauf served Rupnik with the Indiana Action on May 23, 2006. Rupnik served Knauf with this action shortly thereafter.

The Document contains a choice of law and forum provision:

> This guaranty shall be governed by and construed in accordance with the laws of the State of Indiana. Any action to enforce this guaranty may be brought in, and the undersigned hereby consents and submits to the jurisdiction of, the courts of the State of Indiana.

Complaint, attached Document at 2.

Knauf removed this action to this Court. Knauf now asks this Court to stay this action, or in the alternative, to transfer venue to the District Court for the Southern District of Indiana.

## ANALYSIS

A.   MOTION TO STAY

Knauf asks the Court to stay this action pursuant to the Colorado River doctrine. Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 818-19 (1976). The Colorado River doctrine provides that in certain exceptional circumstances, this Court may stay or dismiss an action when a parallel proceeding is pending in state court between the same parties regarding the same subject matter. Several factors are to be considered in determining whether exceptional circumstances exist, but no one factor is controlling. The factors are:

1.   Whether the state has assumed jurisdiction over property;

2.   The inconvenience of the federal forum;

3

3. The desirability of avoiding piecemeal litigation;

4. The order in which jurisdiction was obtained by the concurrent forums;

5. The source of governing law, state or federal;

6. The adequacy of state-court action to protect the federal plaintiff's rights;

7. The relative progress of state and federal proceedings;

8. The presence or absence of concurrent jurisdiction;

9. The availability of removal; and

10. The vexatious or contrived nature of the federal claim.

Caminiti and Iatarola, Ltd. v. Behnke Warehousing, Inc., 962 F.2d 698, 701 (7th Cir. 1992). The Court must consider these factors in light of the specific circumstances of the particular case. In the end, the Court must make a considered judgment based on the particular circumstances of the case, taking into account the general obligation to exercise jurisdiction and the factors that may weigh against that exercise. Tyrer v. City of South Beloit, Ill., 456 F.3d 744, 754-55 (7th Cir. 2006).

When looking at the factors in light of the circumstances of this case, the Court is convinced that exceptional circumstances do not exist. Of particular importance in this case are the facts that: (1) the state court has

not assumed jurisdiction over property; (2) the federal forum is convenient for both parties; (3) there is concurrent jurisdiction; (4) both cases are in the early stages, and so, the matter could progress easily in the federal forum; and (5) the issues involve contract interpretation that could be handled easily in either forum.  Of these factors, the Court is particularly persuaded in this case by the convenience of the federal forum.  Knauf voluntarily invoked this Court's jurisdiction by removing this matter.  In doing so, Knauf clearly indicated a desire that the federal courts exercise jurisdiction.  Rupnik filed this action, and so clearly prefers that the dispute be resolved in this proceeding rather than through the Indiana Action.  The fact that the federal forum is convenient for both parties, in this case under these circumstances, weighs heavily against abstention.

    The Court acknowledges that there is some risk of piecemeal litigation, but that can be resolved if Knauf files counterclaims in this case.  Some of the other factors, such as the order in which the state courts acquired jurisdiction over the parties, weigh in favor of abstention.  In this case, however, those factors do not create exceptional circumstances that outweigh the general obligation to exercise jurisdiction. See Tyrer, 456 F.3d at 750-51.  The request to stay this matter is denied.

B.  MOTION TO TRANSFER VENUE

In the alternative, Knauf asks the Court to transfer venue to the U.S. District Court for the Southern District of Indiana as a more convenient forum. Section 1404(a) authorizes the Court to transfer venue for the convenience of the parties and witnesses, as well as the interests of justice, to another District where venue is proper. 28 U.S.C. § 1404(a); Heller Financial, Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1293 (7th Cir. 1989). Venue is proper in both this District and the Southern District of Indiana because jurisdiction is based on diversity and Rupnik is a citizen of this District and Knauf is a citizen of the Southern District of Indiana. 28 U.S.C. § 1391. The issue then is the convenience of the parties and witnesses, and the interests of justice.

In determining the convenience of each proposed forum, the Court should consider: (1) the Plaintiff's choice of forum; (2) the location of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience of the parties. Bryant v. ITT Corp., 48 F.Supp.2d 829, 832 (N.D. Ill. 1999). Knauf has the burden of showing that the balance of the relative convenience of the two Districts clearly favors the transferee District. Hotel Constructors, Inc. v.

6

Seagrave Corp., 543 F.Supp. 1048, 1050 (N.D. Ill. 1982). Deference must be given to a plaintiff's chosen forum. Heller Financial, 883 F.2d at 1293. However, if other factors weigh in favor of Knauf, transfer may still be appropriate. In addition, the forum selection provision of the Document is a significant factor that figures in this Court's calculus. See Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 24 (1988).

In this case, the balance of convenience weighs in favor of transfer. The convenience to the witnesses is essentially a wash; Knauf's witnesses could come to Illinois, or Rupnik's witnesses could go to Indiana. One group will have to travel. The two Districts are also relatively close to each other geographically so the burden of travel is not significant. The parties agreed to interpret the Document under Indiana law; this weighs in favor of transfer to the Indiana District. Rupnik selected an Illinois forum for this action, but he concedes that he previously agreed to litigate any dispute arising from the Document in Indiana. Response to Motion to Stay and/or Transfer Venue (d/e 8) at 9 ("Pursuant to the credit agreement, the parties stipulated that Indiana was an acceptable forum."). Because Rupnik agreed to litigate this matter in Indiana, transferring will not impose a significant burden on him and will be more convenient to Knauf. The balance of these

factors weigh in favor of transferring the matter to the Southern District of Indiana.

The interests of justice also weigh in favor of transfer. The parties agreed that the Document would be governed by Indiana law and that disputes could be litigated in Indiana. This is a commercial transaction. It is in the interests of justice to honor such commercial agreements. Transferring the matter to the Southern District of Indiana will further the intent of the agreement of the parties.

THEREFORE, Defendant Knauf Insulation's Motion to Stay Proceedings, or Alternatively to Transfer Venue (d/e 3) is ALLOWED in part and DENIED in part. The Motion to stay this proceeding is DENIED. The Motion to transfer venue is ALLOWED. This matter is transferred to the United States District Court for the Southern District of Indiana.

IT IS THEREFORE SO ORDERED.

ENTER:   October 12, 2006.

    FOR THE COURT:

                              s/ Jeanne E. Scott
                              JEANNE E. SCOTT
                UNITED STATES DISTRICT JUDGE